UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD GUINES, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>MUNCIE COMMUNITY SCHOOL )<br>CORPORATION, et al., )<br>)<br>Defendants. )<br>) | Cause No. 1:10-cv-299-WTL-DML |

## ENTRY ON MOTION TO DISMISS

Before the Court is a Motion to Dismiss (Docket No. 22) filed by several of the Defendants. Although the Plaintiffs did not respond, the time for doing so has passed, and thus this motion is now ripe for ruling. Accordingly, for the reasons stated herein, the Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

## I.  RULE 12(b)(6) STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must take the facts alleged in the Complaint as true and draw all reasonable inferences in favor of the Plaintiffs. The Complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II. BACKGROUND

The Plaintiffs, Richard and Latera Guines (collectively "the Guineses"), have three minor children who, in 2007, were enrolled in the Muncie Community School System. The Plaintiffs' two younger children, thirteen year-old I.G. and fourteen year-old C.G., began the 2007-2008 school year at Wilson Middle School. However, after I.G. and C.G. were bullied by their peers, they requested and received permission to transfer to Northside Middle School ("Northside"), which is also part of the Muncie Community School System. Unfortunately, within days of their transfer, I.G. and C.G. again faced harassment from other students. When the Guineses complained to the Superintendent of the Muncie Community School System they were instructed to speak with Northside Principal Christopher Smith. The Guineses repeatedly complained to both Principal Smith and Northside's Vice Principal. After their frequent complaints, the Guineses began to feel that Principal Smith and Officer Carson Redwine,[1] resented their presence at the school.

In March 2008, C.G. was threatened by other students. She immediately reported the threats to Principal Smith. The next day, the Guineses drove C.G. and I.G. to school. The Guineses intended to speak with Principal Smith about the continued harassment of their children. While the Guineses went to Principal Smith's office, C.G. and I.G. went to the cafeteria to eat breakfast. Ultimately a fight broke out in the cafeteria after another student struck C.G. with her purse.

When the Guineses learned of the fight, they rushed to the cafeteria. Eventually, a police

---

[1] Although the Plaintiffs do not identify Officer Redwine's affiliation, because the Plaintiffs have also named the Muncie Police Department in this suit the Court will assume that Officer Redwine works for that law enforcement agency.

officer arrived and separated the students. The Guineses and all of the students involved in the altercation were taken to Northside's office. C.G., I.G., two of their siblings, and their parents were placed in one room. All of the other students were placed in a separate room. Eventually, Principal Smith entered the room and informed Richard that he was going to jail. Richard and Latera were searched, handcuffed, and taken to jail. Captain C.D. Hensley, Officer Carson Redwine, and Officer Keith Folkner were involved in the search and arrest of the Guineses and their children. The Guineses were charged and prosecuted; however, the charges against them were dropped in 2009. C.G., I.G., and their older brother R.G.J. were all taken to a juvenile detention center. All three children served time in a juvenile detention center and were placed on probation. Ultimately, C.G. and I.G. were also suspended from school and Latera lost her job with the Muncie Community School System.

The Guineses filed this suit against the Muncie Community School Corporation, Principal Smith, the Muncie Police Department (the "MPD"), Captain C.D. Hensley, Officer Carson Redwine, and Officer Keith Folkner (collectively "the Officers"), alleging violations of state and federal law. The MPD and the Officers have now moved to dismiss the charges against them.

### III. DISCUSSION

A.  **Section 1983 claims against the MPD.**

The Complaint alleges that the Defendants violated the Plaintiffs' federal equal protection rights, procedural due process rights, and substantive due process rights. The Plaintiffs' federal claims are brought pursuant to 42 U.S.C. § 1983. The MPD argues that the federal claims against it should be dismissed because the Complaint fails to allege that any of the

3

Officers "act[ed] in accordance with a policy, custom or practice of the Muncie Police Department when they arrested Plaintiffs." Docket No. 23 at 5. According to the MPD, the "Plaintiffs are attempting to hold the Muncie Police Department vicariously liable for the alleged improper actions of Redwine, Hensley, and Folkner." *Id.*

As the Supreme Court explained in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978), "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." However, "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. In short, this means that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* at 694.

A proper § 1983 claim requires that a plaintiff allege one of the following: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not expressly authorized, is so permanent and well-settled as to constitute a custom or usage; or (3) that the plaintiff's constitutional injury was caused by a person with final policy-making authority. *Billings v. Madison Metro. Sch. Dist.*, 259 F.3d 807, 817 (7th Cir. 2001). In this case, the Plaintiffs' Complaint does not contain any allegations whatsoever that the Plaintiffs' injuries were caused by any express policy, custom, or practice of the MPD. Not only have the Plaintiffs completely failed to plead the existence of a widespread practice constituting an MPD custom or policy, they have also failed to provide any factual allegations from which

4

this Court could reasonably infer the existence of such a practice. Accordingly, their § 1983 claims against the MPD are **DISMISSED**.[2]

B.	**Section 1983 claims against the Officers.**

The Officers argue that the Plaintiffs' procedural and substantive due process claims against them must be dismissed because the "Plaintiffs have adequate state law remedies to redress the Defendants' alleged wrongful actions." Docket No. 23 at 8. In support of this assertion the Officers cite *Parratt v. Taylor*, 451 U.S. 527, 542 (1981), and its progeny, which held that "the existence of an adequate state remedy to redress property damage inflicted by state officers avoids the conclusion that there has been any constitutional deprivation of property without due process of law." *Parratt* has been extended to substantive due process claims when state law provides an adequate remedy. *Fox v. Hayes*, 600 F.3d 819, 841 (7th Cir. 2010).

Indiana recognizes the torts of false imprisonment, false arrest, and malicious prosecution. Accordingly, pursuant to *Parratt* and *Fox*, the Plaintiffs' due process claims against the Officers must be **DISMISSED**. However, because the Officers' argument does not address the Plaintiffs' equal protection claim, that claim remains and the Officers' motion is **DENIED** as to that claim.

C.	**State law claims.**

The Plaintiffs also assert state law claims for false arrest, abuse of process, defamation, and negligence against the Officers and the MPD. The Indiana Tort Claims Act ("ITCA")

---

[2] Because the Court has dismissed the Plaintiffs' federal claims against the MPD for failure to plead that an express policy, custom, or practice of the MPD caused their injury, the Court will not address the MPD's alternative argument that the Plaintiffs' § 1983 claim is barred because the MPD is not a suable entity.

5

"establish[es] procedures for cases involving the prosecution of tort claims against governmental entities." *State v. Willits*, 773 N.E.2d 808, 814 (Ind. 2002). With certain exceptions not relevant here, "a claim against a political subdivision is barred unless notice is filed . . . within one hundred eighty (180) days after the loss occurs." IND. CODE 34-13-3-8. The one hundred eighty day notice requirement of the ITCA applies "not only to suits against political subdivisions but also to suits against employees of political subdivisions." *Davidson v. Perron*, 716 N.E.2d 29, 34 (Ind. Ct. App. 1999). Although failure to file a timely tort claims notice does not necessarily bar a plaintiff's suit, substantial compliance with the ITCA is required. *Irwin Mortg. Corp. v. Marion Cnty. Treasurer*, 816 N.E.2d 439, 446 (Ind. Ct. App. 2004). It is the plaintiff's burden to establish this type of compliance. *Id.* In the instant case the Plaintiffs' Complaint states only that the "Plaintiffs served a notice of claim on *Defendant Muncie School Corporation* pursuant to the Indiana Tort Claims Act within the time prescribed by law relative to non-constitutional claims respectively." Compl. ¶ 5 (emphasis added). At no point do the Plaintiffs aver that they complied with the ITCA with respect to the MPD or the Officers. Having failed to provide any evidence whatsoever of their substantial compliance with the ITCA, the Plaintiffs' state law claims against both the MPD and the Officers must be **DISMISSED**.[3]

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss (Docket No. 22) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** with respect to

---

[3] Because the Plaintiffs' state law claims against these Defendants are barred for failure to comply with the ITCA, the Court will not address the Defendants' argument that the Plaintiffs' defamation claim fails as a matter of law except to note that this argument provides another plausible grounds for dismissal of the defamation claim.

the state and federal claims against the Muncie Police Department. In addition, the motion is **GRANTED** as to the state law claims and the due process claims against Captain C.D. Hensley, Officer Carson Redwine, and Officer Keith Folkner. However, the motion is **DENIED** as to the equal protection claim against Captain Hensley, Officer Redwine, and Officer Folkner.

SO ORDERED: 12/20/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Marsha Volk Bugalla
Frost Brown Todd LLC
mbugalla@fbtlaw.com

Matthew L. Hinkle
Coots Henke & Wheeler
mhinkle@chwlaw.com

Anthony W. Overholt
Frost Brown Todd LLC
aoverholt@fbtlaw.com

Bobby Allen Potters
Potters Law Firm
bpotters@aol.com

Blake N. Shelby
Coots Henke & Wheeler, P.C.
bshelby@chwlaw.com